OPINION *Page 2 
{¶ 1} On April 8, 2008, the Tuscarawas County Grand Jury indicted appellant, Justin Schlabach, on one count of theft in violation of R.C. 2913.02. Said charge arose from the theft of a laptop computer, a PS2 game console, and a portable DVD player from his friend's mother's house.
 {¶ 2} On August 15, 2008, appellant pled guilty as charged. By judgment entry filed October 3, 2008, the trial court placed appellant on community control and ordered him to pay the victim $930.00.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE AMOUNT OF RESTITUTION ORDERED EXCEEDS THE ECONOMIC LOSS TO THE VICTIM."
 I {¶ 5} Appellant claims the trial court erred in determining the amount of restitution he owed to the victim. We disagree.
 {¶ 6} R.C. 2929.18(A)(1) controls a trial court's right to order restitution and states the following:
 {¶ 7} "(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose *Page 3 
upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. * * *"
 {¶ 8} Appellant argues the amount imposed as restitution far exceeded the economic loss incurred by the victim and was therefore excessive because it had no reasonable relationship to the damages. Appellant specifically challenges the $900.00 restitution amount for the laptop because it suffered little damage and was still in use by the victim. *Page 4 
 {¶ 9} As set forth in the statute, the trial court was permitted to determine the amount of economic loss based upon the victim's recommendations to the trial court. The victim's recommendations were the only evidence presented to the trial court.
 {¶ 10} At issue is whether the $930.00 restitution amount represented the victim's economic loss. It is uncontested that when the laptop was returned to the victim, plastic pieces were broken off which were not repairable. T. at 9. The plastic pieces worked like a divider for the wireless cord for wireless internet. T. at 10. The victim testified while she still used the laptop, it was not repairable and could not be restored to its original position without replacing "the whole entire thing." T. at 9. The cost to replace the laptop was $900.00. Id.
 {¶ 11} The adapter to the portable DVD player was missing, and the DVD player had been used by the family in the prior month. T. at 11. The cost to replace the broken adapter was $30.00. T. at 8.
 {¶ 12} We concede that appellant's argument that the victim still uses the laptop is a valid argument; however, it was not the same laptop that she had purchased or used prior to its theft by appellant. The laptop was not returned to the victim in its original condition and was not repairable. The portable DVD player could not be connected without the missing adaptor.
 {¶ 13} Given these specific facts, we find the trial court did not err in finding restitution in the amount of $930.00. The victim's economic loss was equal to a functioning laptop complete with all its options and a working portable DVD player.
 {¶ 14} The sole assignment of error is denied. *Page 5 
 {¶ 15} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
Farmer, P.J., Gwin, J., and Hoffman, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. Costs to appellant. *Page 1